UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Derrick Cardello-Smith,

          Petitioner,      Case No. 25-cv-12198

v.                               Judith E. Levy
                               United States District Judge

Sean Combs, et al.,

                               Mag. Judge Patricia T. Morris

         Respondents.

_____/

**ORDER TRANSFERRING SUCCESSIVE HABEAS PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

    Michigan prisoner Derrick Cardello-Smith ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Because Petitioner has not received preauthorization to file a successive petition, the present action must be transferred to the Court of Appeals.[1]

---

[1] On June 30, 2025, the Court enjoined Petitioner from filing any documents with the Court, including the filing of new complaints, without first receiving written permission from the Chief Judge or the Miscellaneous Duty Judge. *See Cardello-Smith v. Combs*, No. 24-cv-12647, 2025 WL 1951722, at *11–12 (E.D. Mich June 30, 2025). It appears, however, that Petitioner commenced the present action before the enjoined-filer order was entered. Petitioner's current habeas petition was placed in the mail on June 12, 2025, and it was received by the United States District Court

Petitioner is serving multiple lengthy sentences imposed in separate criminal proceedings in the Wayne Circuit Court. The Michigan Department of Corrections Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *see Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004), indicates that Petitioner was convicted of four counts of first-degree criminal sexual conduct in 2019, six counts of first-degree criminal sexual conduct and two counts of kidnapping in 2008, and two counts of third-degree criminal conduct in 1998.

Petitioner claims that the Wayne County Prosecutor and others conspired to falsely convict him. In support of this claim, Petitioner proffers what purports to be an unsealed transcript of a hearing held in 1998 during which the conspiracy was discussed. (ECF No. 1, PageID.4–27.) This is one of the documents Petitioner filed in his civil case that resulted in the injunction being entered against him. *See Cardello-Smith*, 2025 WL 1951722, at *9.

---

for the Southern District of New York on June 23, 2025. (ECF No. 1, PageID.31.) That Court transferred the case here. (ECF No. 2.)

Petitioner was denied habeas relief on his 1998 convictions on the merits on August 28, 2007, *Smith v. White*, 2:06-cv-306, 2007 U.S. Dist. LEXIS 103072 (W.D. Mich. Aug. 28, 2007) (adopting Report and Recommendation of Magistrate Judge); denied habeas relief on his 2008 convictions on the merits, *Smith v. Bauman*, 5:10-cv-11052, 2016 WL 898541 (E.D. Mich. Mar. 9, 2016), *appeal dismissed*, No. 16-1545 (6th Cir. Jan. 31, 2017); and denied habeas relief on his 2019 convictions on the merits. *Smith v. Burt*, No. 1:19-cv-759, 2020 WL 1910025 (W.D. Mich. Apr. 20, 2020), *appeal dismissed*, No. 20-1457, 2020 WL 6738108 (6th Cir. Oct. 16, 2020).

Under the Antiterrorism and Effective Death Penalty Act of 1996, an individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016). Federal district courts lack jurisdiction to consider successive habeas petitions absent preauthorization from the court of appeals.

*Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)); *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Because this is at least Petitioner's second federal habeas petition filed under § 2254 with respect to each of his convictions, and because he failed to obtain preauthorization from the court of appeals, this Court is without jurisdiction to consider his claims. Where, as here, a habeas petitioner files a second or successive habeas petition in the district court without preauthorization, the district court must transfer the case to the court of appeals. *See* 28 U.S.C. § 1631; *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, it is **ORDERED** that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit.

**IT IS SO ORDERED.**

Dated: August 6, 2025  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 6, 2025.

  s/William Barkholz
  WILLIAM BARKHOLZ
  Case Manager